# NO. 12-14-00069-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JASON WAYNE FRIZZELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Jason Wayne Frizzell, appeals his conviction for injury to a child. In two issues, Appellant contends that he was denied due process in the conduct of the trial and that the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On September 13, 2013, Appellant got into an argument with his sister–in-law, Tracy Adams, in the front yard of Rhonda Musik's house. In the course of the argument, Appellant pushed Tracy Adams down. Jeremy Frizzell, Jr., age twelve, saw his mother on the ground beside the road and rushed to her defense. Appellant hit Jeremy with a closed fist, knocking him down, and left the scene.

Deputy Sheriff Lorenzo Simpson arrived at the location in response to a 911 call. On arrival, he found Jeremy crying. Jeremy told Deputy Simpson that his uncle had pushed his mother and hit him. Jeremy had superficial abrasions and bruises to the left upper side of his head. Jeremy had also been hit in the chest knocking his breath from him and causing him to fall to the ground. His knees were scraped, and he suffered minor bruising and discoloration to his back. At trial, Jeremy testified that the blow to his chest left a red mark, which hurt and

temporarily made it difficult to breathe. However, when an ambulance arrived, Jeremy and his mother refused any medical treatment. Appellant was arrested two days later.

At his arraignment, Appellant told the court that he wanted to represent himself. The trial court thoroughly admonished Appellant regarding the dangers of self-representation. The trial court tried repeatedly to impress on him the gravity of his decision to proceed *pro se* and the likelihood that it was a mistake.

Appellant filed pretrial motions for a change of venue, for the appointment of a different judge, and for a speedy trial. At the hearing on the motions, Appellant said that he needed access to a law library in order to prepare his defense. The trial court informed Appellant that a court appointed lawyer would give him access to research materials. Appellant persisted in his refusal to have a court appointed lawyer.[1]

After the jury returned a guilty verdict, Appellant requested the appointment of counsel for the punishment phase of the trial. Court appointed counsel consulted with Appellant on each of the three working days between his appointment and the start of the punishment phase. Immediately before the beginning of the trial on punishment, Appellant told the court that his court appointed counsel was working against him. He requested more time to prepare or another lawyer. He rejected further representation by his court appointed attorney, preferring to represent himself if the court refused to appoint alternate counsel. The trial court denied his request for delay or for the appointment of another lawyer. Appellant declined to testify and offered no evidence. The jury assessed Appellant's punishment at imprisonment for twenty years.[2]

### ACCESS TO LEGAL RESEARCH MATERIALS

In his first issue, Appellant complains that the trial court's denial of access to legal research materials while he represented himself denied him due process of law.

### Applicable Law

"The Sixth Amendment . . . grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562.

---

[1] Appellant's aversion to court appointed counsel is particularly difficult to understand. The record shows that only the year before, Appellant had been represented by court appointed counsel at his trial on another charge and had been acquitted.

[2] Appellant had a prior felony conviction that was used to enhance the third degree felony injury to a child to a second degree felony. *See* TEX. PENAL CODE ANN. §§ 22.04(f); 12.42(a) (West Supp. 2014).

Forcing a defendant to accept counsel against his will deprives the defendant of his constitutional right to defend himself. *Id*., 422 U.S. at 835, 95 S. Ct. at 2541. A defendant electing to waive the right to counsel and represent himself must do so competently and intelligently. *Id*. However, the defendant's technical and legal knowledge is not relevant in determining his competence to waive his right to counsel. *Id*. The defendant's waiver of his right to counsel must be knowing and voluntary. *Id*. The record must show that he was made aware of the dangers and disadvantages of self-representation and that he made that choice "with eyes open." *Id*. Finally, the defendant's decision must be voluntary. *Id*.

In *United States v. Wilson*, 666 F.2d 1241 (9th Cir. 1982), the defendant rejected court appointed counsel, but argued that the Sixth Amendment right to self-representation implies a right of access to legal facilities and materials necessary to prepare his defense. *Id.* at 1244. The court in *Wilson* noted the *Faretta* court's recognition that a defendant who rejects the assistance of counsel necessarily relinquishes many of the benefits associated with representation by counsel. *Id.* at 1245. Availability of court appointed counsel is a constitutionally adequate means of access to research materials. *Id.* "A defendant may not effectively force the Government to provide a particular means of access to the courts by denying the means offered." *Id.*

## Discussion

On each of the several occasions that Appellant complained he required access to a law library to prepare his defense, the trial court informed him that court appointed counsel would provide the access to legal research materials. Each time the trial court reiterated its offer to appoint counsel to represent him, Appellant persisted in rejecting access through an attorney and insisted on being provided a law library.

The *Wilson* court noted that nowhere in *Faretta* did the Supreme Court "suggest that the Sixth Amendment right to self-representation implies further rights to materials, facilities, or investigative or educational resources that might aid self-representation." *Id.* Appellant was not denied due process. Appellant's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant maintains the evidence is insufficient to support his conviction.

In determining a challenge to the sufficiency of the evidence, the reviewing court must consider all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

In order to prove the offense charged in this case, the State was required to establish beyond a reasonable doubt that Appellant intentionally, knowingly, or recklessly by omission caused bodily injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West Supp. 2014). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (West Supp. 2014). The complainant, Jeremy, made a crude written statement accompanied by an affidavit of nonprosecution from his mother, recanting the accusation against his uncle. In his statement, he maintained that his difficulty in breathing after his uncle hit him in the chest was due to an asthma attack. Although a reluctant witness, Jeremy testified at trial that his uncle hit him in the chest knocking him to the ground. He testified that the blow caused pain, left a red mark on his chest, and made it difficult for him to breathe for a period of time.

Deputy Simpson testified that when he arrived on the scene, Jeremy was mad and crying. Jeremy said his uncle had hit him in the chest and knocked him down in the road. Deputy Simpson observed the red mark on Jeremy's chest as well as other minor bruises and abrasions to Jeremy's face, neck, knees, and back apparently sustained in the same incident. Through Deputy Simpson, the State introduced photographs of Jeremy's injuries.

The evidence is sufficient to support the conviction. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered August 5, 2015.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 5, 2015**

**NO. 12-14-00069-CR**

**JASON WAYNE FRIZZELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 13CR-183)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*